Arnold Roy Bushey v. Commissioner.
Bushey v. Commissioner
Docket No. 4797-70 SC.
United States Tax Court
T.C. Memo 1971-149; 1971 Tax Ct. Memo LEXIS 184; 30 T.C.M. (CCH) 651; T.C.M. (RIA) 71149; June 21, 1971, Filed Arnold Roy Bushey, pro se, 2783 Glenwood Place, South Gate, Calif.Harold W. Vestermark, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioner's Federal income tax for 1968 in the amount of $371.85. The issues for decision are whether petitioner is entitled to deductions claimed for theft and casualty losses; whether petitioner is entitled to miscellaneous deductions claimed for expenses for small tools, safety equipment and uniforms; and, whether petitioner is entitled to deductions claimed for charitable contributions. Petitioner at the time of the filing of the petition in this case resided in Southgate, California. Petitioner filed an individual *185 Federal income tax return for the calendar year 1968 with the District Director of Internal Revenue at Los Angeles, California. The petitioner at all times pertinent hereto was employed as a maintenance electrician and electronic technician. In late 1969 or early 1970, petitioner lost his records for the taxable year as the result of an accidental fire. The petitioner owned a flat-bed truck in 1968 which he claimed was broken into by thieves which resulted in damage to the truck and loss of items contained in lockers and in the cab of the truck. The police report which was dated November 5, 1967, showed a total of $96 taken by the thieves. Additional items were stolen or destroyed which were not listed in the police report. A leather coat was stolen from the truck at that time for which he had paid about $65 a few months before the truck was broken into. (The police report showed, as an additional loss, a man's black leather motorcycle jacket valued at $10). The damage suffered by the truck consisted of a broken window which cost $25 to $30 to replace. In addition a light and a mirror were broken by the thieves. The replacement costs of these items were approximately $30. And, three *186 bins on the truck were torn open by the thieves to remove their contents. The testimony with respect to the replacement cost of the bins is rather indefinite. The taxpayer estimated that it would cost about $200 to replace them. However, he built the new bins, the cost of the parts of which ran about $50 and he paid $75 for work done by others. 652 It appears that the petitioner was confused as to the year in which the theft occurred. The police report shows that the theft occurred between 9:00 P.M. on November 4, 1967 and 3:00 P.M. on November 6, 1967. We find that the theft was discovered in 1967, a year not before the Court. There is no evidence of the existence on December 31, 1967 of any claim for reimbursement for which there was a reasonable prospect of recovery. Consequently, there was no theft loss in the taxable year 1968. Section 165(e), Internal Revenue Code of 1954, as amended. Petitioner suffered damages from an accident to his truck which occurred on November 17, 1968. A Mr. Jay Frank was driving petitioner's truck when it was struck by a vehicle which left the scene of the accident without reporting the driver's name or address. As a result *187 of this accident, the truck fog lights were broken and it cost petitioner $50 to replace them. Also, the front end was damaged, the firewall was bent and one fender had to be replaced. The repair and replacement costs were "about $150," not including the cost of the fog lights. In view of the fact that the damages other than the cost of the fog lights were estimates, we find that petitioner suffered a casualty loss from the accident of November 17, 1968, in the amount of $175. Much of petitioner's work required him to be in close contact with electrical machinery. Frequently it was necessary for him to get into narrow places in the course of his repair work which precluded carrying his tools with him to the site at which he was required to work. In his employment he suffered some tool losses through theft or other mishap. The tools used in petitioner's trade or business were both of a mechanical and an electronic nature. He purchased and used testers, channel locks, pliers, snippers, pressing rings, wrenches, screwdrivers and snakes which are used to pull wires through conduits. The petitioner used a Mega, a test instrument used to see whether you have a ground opening or whether *188 the circuit is good or bad. The Mega cost approximately $150. He also purchased a Simpson which cost around $95. However, he could not state the exact year in which he bought the Mega or the Simpson and other tools such as pipe sweaters and parts. His tools cost him on an average of about $6 apiece but small screwdrivers cost only about $1.50. He lost the Mega through theft in 1968. He could not specifically recall any other tools that he lost in 1968. He indicated in his testimony that the deduction of $250 taken in his 1968 tax return for small tools or small tool losses included tools that were purchased during the taxable year. The amount shown on his return as the cost of small tools was high compared to his normal costs. The evidence of cost of small tools acquired in the taxable year is not entirely satisfactory because of its generality. Moreover, no deduction is allowable for the small tool losses or thefts since they are not identified, except for the Mega; their individual costs are unknown; and their value at the time of the loss or theft has not been shown. With respect to the Mega, its cost has been shown but there is no evidence of its acquisition date or of its value *189 at the date of loss nor even of the date of loss. Making the best assessment of the record we can, we find that petitioner is entitled to a deduction for small tools purchased in 1968 of $150. Petitioner also deducted the cost of safety glasses and work shoes and work clothes. He purchased two pair of special work shoes each year and two pair of prescription safety glasses. The work shoes cost approximately $20 a pair and the safety glasses cost approximately $35 each. He rented his work clothing from a company called Uniforms for Industry and he paid a $1.25 a day for his uniform. The work clothes were of a special type required by his employment. The clothing for which he took deduction is especially designed to tear readily in the event that the petitioner's clothing should be caught in any of the machinery around which petitioner worked daily. He only wore the clothes during working hours and he did not use them when he was not working. The safety glasses, special work shoes and safety clothes were required in his employment. He usually worked six days a week for 52 weeks at his job in 1968. We find that the petitioner is entitled to deduct the cost of safety shoes and glasses *190 in the taxable year in the amount of $105. He is also entitled to deduct the cost of special work clothing in the amount of $275.00. The petitioner claimed a deduction for $370 contributed to several churches. 653 However, he could name only one, the Church of the Open Door. He could not state the specific amount which he contributed to the Church of the Open Door during the taxable year. His contributions to churches were made for frivolous reasons. Unfortunately, there is no proof in the record from which any estimate of the amount of the charitable contribution to each of the several churches could be made. Petitioner contended himself with the mere assertion that he contributed the total amount shown on his tax return. A taxpayer is required to produce more evidence to substantiate his deductions when challenged than that furnished by the petitioner on this issue. Petitioner also claimed a deduction for contributions to the Goodwill Industries. His contributions consisted of "probably a bunch of old TVs, or something like that and other things, and maybe clothing." The value placed on the contribution was the petitioner's own based on his experience with prices of the nature *191 of the articles donated. The claimed contribution to Goodwill Industries suffers from the same lack of specificity as the claimed contributions to churches. The petitioner was required to specifically identify the items given and establish the value of each. He has failed in this requirement. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered under Rule 50.